WM. L. SCROGGS, ADMINISTRATOR OF J. P. SHIELDS, DECEASED, Appellant, *v.* RICHARD B. COOK, Respondent.

1. *Notes — Purchase-money — Payment, etc.*—In suit on part of the notes given for the purchase-price of land, defendant will make out his case by proving payment of the notes sued on, without further proof that the remainder of the notes not embraced in the allegation had also been paid.

*Appeal from Dade Circuit Court.*

*Bray & Sherwood,* for appellant.

*J. S. Phelps,* for respondent.

ADAMS, Judge, delivered the opinion of the court.

This suit was brought by the plaintiff on several promissory notes given to his intestate by the defendant, as part of the purchase-money of certain lots of land. The defendant, in addition to a credit on the notes, by answer set up other credits and payments in money and property to the full amount of the notes and interest sued for. The plaintiff replied, denying the payment and credits.

The case was submitted to the court, and judgment given for defendant. On the trial, evidence was given conducing to prove the alleged payments and credits claimed by the defendant, and among other credits were a portion of the wages of defendant and his son, and part of the board of his son, etc., while carrying on a partnership in blacksmithing between plaintiff's intestate and defendant, to be allowed as credits on these notes. Evidence was given, without objection at the time, of the terms of this partnership, and of moneys that had been received by the defendant on account of the partnership. But this evidence was afterward excluded by the court. The defendant's son gave evidence to the effect that defendant told plaintiff's intestate to bring him those notes, that they were paid off, and he replied "all right," and afterward told defendant that he had burned the notes.

After the evidence was closed, the plaintiff asked the court to declare the law to be "that when suit is brought on several notes alleged to be a part of the purchase-price of certain tracts of

land, and it appears that the amount of the notes sued on is $1,340 and interest, and that the purchase-price was $2,000, and the defendant pleads payment, he must show that full payment has been made of principal and interest on all said notes given for said lands ; and if he fails to do so the plaintiff must recover."

This instruction was correctly refused. The issues tendered are upon the notes sued on, and not upon other outstanding or paid-off notes. And all the defendant is required to do is to prove payment of the notes sued for. The *onus* is upon him to show payment of these notes and not of others.

The instruction given by the court on its own motion, and those given for the defendant, I think covered the law of this case. By excluding the evidence in relation to the terms of the partnership agreement, the court did not intend to exclude such credits as were to go upon these notes, and hence the instructions based on these credits were proper in this case. Upon the whole record, the judgment is for the right party.

Judgment of the Circuit Court affirmed. Judge Bliss concurs. Judge Wagner absent.